

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
175 W. Jackson Boulevard, Suite 1450
Chicago, IL 60604

Chicago
Regional Office

June 29, 2023

The Honorable Jerry W. Blackwell
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re: Civil Case No. 23-CV-1997, SEC v. Spartan Trading Company, LLC et al.

Dear Judge Blackwell,

Pursuant to the Court's instructions on the teleconference held on June 29, 2023 in the above-named matter, the parties hereby submit this letter with respect to the attached Proposed Order concerning the SEC's Emergency Motion for Ancillary Relief. The SEC has also included language in the Proposed Order as instructed by the Court, such as a time limitation on the Asset Freeze, making the relief renewable for good cause shown, and including upper limits for total amounts subject to the Asset Freeze. Otherwise, pending resolution of the issues below, the parties do not object to the Court's entry of the Proposed Order.

The parties have the following outstanding areas of disagreement, briefly summarized below.

Real Property Belonging to Dale Dahmen at the Time of his Death

> SEC's Position: The SEC does not at this time agree to the exclusion of real property belonging to Dale Dahmen at the time of his death from the Asset Freeze. The SEC's goal is to recover as much as possible for all investors, and the SEC requests, at least initially, that the Court maintain the status quo with respect to any assets held by Mr. Dahmen at the time he died.

> Tim Johnson's Position: My position regarding Dale Dahmen's real property is that it should be specifically excluded from the freeze on assets. The property was transferred between three siblings from Dale's parents some time ago as part of a tax strategy to avoid inheritance tax. Dale Dahmen's parents have asked all three of their children to return the

property to them as a result of money they lost in this very scheme which drained their retirement funds. They are 81 years old and have a closing on the property on August 5 and keeping them from getting their own property back would be victimizing them a second time, the very people you're trying to protect from the losses suffered in this scheme.   It was not purchased or funded in any way by funds received through the fraudulent transactions alleged, and although that may not be required under the statute, freezing this asset would prevent them from selling it on August 5 and prevent them from moving into the new place that they can afford with the limited equity that remains in that property. It's my understanding that there is only about $40,000 or $45,000 worth of equity in the property, and Dale Dahmen would only be entitled to 1/3 of that in any event. Let's not re-victimized these 80 year olds and prevent them from moving into a more affordable home with the proceeds from the sale of their very own property.

Mark Tebelius's Position: The Personal Representative requests the exclusion of the real property belonging to Dale K. Dahmen at the time of his death from the Asset Freeze. Dale K. Dahmen owned an undivided one-third (1/3rd) interest in two (2) parcels of land located in Morrison County, Minnesota, which were gifted to Dale K. Dahmen and his siblings by Dale K. Dahmen's parents (Kenneth F. Dahmen and Janet R. Dahmen) in 2021. The Personal Representative of the Estate of Dale K. Dahmen desires to deed the properties back to Dale K. Dahmen's parents (Kenneth F. Dahmen and Janet R. Dahmen). No payment will be made to the Estate of Dale K. Dahmen for this conveyance.

The legal description of the properties is:
Lot 4, Block B, Kapsner's Addition to the Village of Pierz, Morrison County, Minnesota, and
Lot 17 of Crappie Beach, Morrison County, Minnesota

Bryant Tchida's Position: No position.

Carve Outs for Reasonable Living Expenses

SEC's Position: The SEC, based on conversations with counsel, believes that Sherry Dahmen has accounts solely in her own name, which would not be subject to the Asset Freeze, sufficient to pay her living expenses. The SEC, based on conversations with counsel, could not determine whether Ana Myre has accounts solely in her own name. If the Court were to impose a carve out for reasonable living expenses, the SEC raises for the Court's consideration the IRS Collection Financial Standards as one

potential guide for an appropriate amount of such carve out. *See* Internal Revenue Service, National Standards: Food, Clothing, and Other Items, https://www.irs.gov/businesses/small-businesses-self-employed/national-standards-food-clothing-and-other-items.

Tim Johnson's Position: No position.

Mark Tebelius's Position: No position.

Bryant Tchida's Position: Any accounts owned by Ana Myre solely in her own name should not be subject to the Asset Freeze. To the extent the Court agrees to any further limitations requested by the SEC, the carveout must include payment of attorneys' fees and litigation costs, as well as payments made to preserve the existence and/or value of assets.

Timing of Discovery Responses and Related Issues

SEC's Position: The SEC's position with respect to discovery timing and related discovery issues is reflected in the language of the Proposed Order.

Tim Johnson's Position: No position.

Mark Tebelius's Position: No Position.

Bryant Tchida's Position: Extend the time limit in Section V. A. of the Proposed Order to 5 calendar days' notice. Extend the time limit in Section V. B. from 3 to 7 calendar days. Extend all other deadlines in Section V. from 3 calendar days to 7 business days. Strike Sections V. E and F.

Thank you for your consideration of this matter.

Respectfully Submitted,

*/s/ C.J. Kerstetter*
C.J. Kerstetter
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604