**RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Securities and Exchange
Commission,

        Plaintiff,

        v.

The Estate of Richard Myre,

        Defendant, and

The Estate of Dale Dahmen,

        Relief Defendant.

CIVIL FILE NO. 0:23-cv-01997-JWB-DTS

RULE 26(f) REPORT

_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on February 3, 2025 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for February 18, 2025, before the United States Magistrate Judge Schultz in Room 9E of the U.S. Courthouse in Minneapolis, Minnesota. The parties do not request that the pretrial be held by telephone.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

**TRIAL BY MAGISTRATE JUDGE**

The parties **do not** consent to jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## DESCRIPTION OF THE CASE

(1)     Concise factual summary of plaintiff's claims:

In 2019, Richard Myre, Dale Dahmen, and Dominick Dahmen founded Spartan Trading Company, LLC, which operated as an unregistered investment fund in which the three promotors pooled money from investors purportedly for day-trading activities. Spartan Trading raised over $3.7 million from dozens of investors in Minnesota from 2019 to 2023. Spartan Trading was a Ponzi scheme. Very little of investors' money was used for actual trading and what trading there was generated little or no profits. Nevertheless, Myre wrote large, approximately monthly checks to himself and the Dahmens out of the Spartan Trading bank account for amounts far in excess of what could be justified under the Fund's agreements with investors. These funds were distributed to Myre and the Dahmens in violation of the federal securities laws.

(2)     Concise factual summary of defendant's claims/defenses:

Defendant the Estate of Richard Myre:

Ana Myre has been appointed Personal Representative of the Estate of Richard Myre, by Order dated April 25, 2024, filed in the Minnesota District Court, Probate Division, Scott County, Minnesota, Case No. 70-PR-24-4277. Ms. Myre is Richard Myre's widow. Ms. Myre has no knowledge about the truth of the allegations against Spartan Trading and Richard Myre. Ms. Myre, in her capacity as Personal Representative of the Estate of Richard Myre, has cooperated with Plaintiff in connection with its investigation of its claims in this case, and she continues to so cooperate.

Relief Defendant the Estate of Dale Dahmen:

Despite a court notation to the contrary, Relief Defendants Estate of Dale Dahmen and Estate of Dominick Dahmen are not represented in this action. Attorney Benjamin F. Gallagher is listed as Lead Attorney for both estates. However, Court Docket 21 titled "NOTICE of Appearance by Benjamin F Gallagher on behalf of Estate of Dale Dahmen, The, Estate of Dominick Dahmen, The. (Gallagher, Benjamin) (Entered: 07/28/2023)" is clear that Mr. Gallagher notified the court on July 28, 2023, that he was appearing "as counsel of record for Sherry Dahmen, trustee for the heirs of the Estate of Dale Dahmen and the Estate of Dominick Dahmen in this

case", and not as a representative of either estate. Mr. Gallagher has not been retained as counsel for the Estate of Dale Dahmen or the Estate of Dominick Dahmen. Sherry Dahmen has cooperated with Plaintiff in connection with its investigation of its claims in this case, and she continues to cooperate.

(3)     Statement of jurisdiction (including statutory citations):

The SEC brings this action under the Securities Act of 1933 ("Securities Act") Section 20(b) [15 U.S.C. §77t(b)], the Securities Exchange Act of 1934 ("Exchange Act") Sections 21(d) and (e) [15 U.S.C. §§78u(d) and 78u(e)] and the Investment Advisers Act of 1940 ("Advisers Act") Section 209 [15 U.S.C. § 80b-9].

This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Sections 209(d), 209(e)(1), and 214 of the Advisers Act [15 U.S.C. §§ 80b-9(d), 80b-9(e)(1), and 80b-14].

Venue is proper in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] and Section 214 of the Advisers Act [15 U.S.C. § 80b-14] because certain acts or transactions constituting the violations of the federal securities laws detailed herein occurred in this district and because, at all relevant times, Spartan Trading's principal place of business was in Belle Plaine, Minnesota.

(4)     Summary of factual stipulations or agreements: None

(5)     Statement of whether a jury trial has been timely demanded by any party: Plaintiff timely demanded a jury trial in its Complaint filed on June 29, 2023. Dkt. 1.

(6)     Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials.

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served.[1] Defendant the Estate of Richard Myre waived service on July 13, 2023. Dkt. 16. Defendant the Estate of Richard Myre filed an Answer to the Complaint on September 8, 2023. Dkt. 33.

Relief Defendant the Estate of Dale Dahmen waived service on September 18, 2023. Dkt. 36. Relief Defendant the Estate of Dale Dahmen has not filed a responsive pleading. The Clerk entered a Clerk's Entry of Default as to Relief Defendant the Estate of Dale Dahmen on August 14, 2024. Dkt. 65.

Counsel for Sherry Dahmen attended the parties' meet-and-confer on February 3, 2025, but indicated he was participating only as an observer. He claimed to represent Sherry Dahmen not as Personal Representative of The Estate of Dale Dahmen, but in another capacity. The SEC believes that Sherry Dahmen is properly subject to the Court's jurisdiction as the duly appointed Personal Representative of the Estate of Dale Dahmen and that she has been properly served.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **March 14, 2025**.

(2) The parties do not anticipate taking any Rule 35 medical examinations.

(3) The parties must commence fact discovery procedures in time to be completed by **August 1, 2025**.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

---

[1] The SEC served Spartan Trading Company LLC on September 13, 2023. Dkt. 35. The Court entered a Default Judgment against Spartan Trading on January 13, 2025. Dkt. 80. The SEC dismissed the Estate of Dominick Dahmen from the case. Dkt. 66.

(A) 25 interrogatories;

(B) no limit as to document requests;

(C) 10 factual depositions;

(D) 75 requests for admissions;

(E) 0 Rule 35 medical examinations; and

(F) no other provisions.

## EXPERT DISCOVERY

(1) The parties anticipate that they will require expert witnesses at the time of trial.

    (A) The plaintiff anticipates calling **one** expert in the fields of: IT and Computer Forensics.

    (B) The defendant anticipates calling **one** expert in the fields of: IT and Computer Forensics.

The parties each reserve their own independent right to call additional experts, should they determine in their own discretion that additional experts are needed.

(2) The parties propose that the Court establish the following plan for expert discovery:

    (A) Initial experts.

        (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **August 22, 2025.**

        (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **September 5, 2025**.

    (B) Rebuttal experts.

        (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **September 19, 2025**.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 3, 2025**.

(3) All expert discovery must be completed by **October 17, 2025.**

## OTHER DISCOVERY ISSUES

(1) Protective Order.

The parties have discussed whether they believe that a protective order is necessary to govern discovery. Plaintiff and Defendant the Estate of Richard Myre entered into an agreed Protective Order and Clawback Agreement on November 26, 2025. Dkt. 76.

(2) Discovery of Electronically Stored Information.

The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

Pursuant to the Protective Order and Clawback Agreement entered by the Court at Docket 76, Plaintiff SEC and Defendant the Estate of Richard Myre have been working collaboratively to effectuate the transfer to the SEC of electronic devices under Richard Myre's control at the time of his death. The parties have met with Defendant's forensic consultant to discuss the transfer of a desktop computer, laptop computers, a cell phone, an iPad, and various storage devices. The parties are currently in the process of arranging logistics for the transfer of the devices to the SEC so that SEC computer forensics personnel can perform asset tracing, including the tracing of possible crypto assets, and other analysis.

(3) Claims of Privilege or Protection.

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

Plaintiff and Defendant have included provisions concerning privilege, clawback agreements, and inadvertent disclosure of privileged information, among other issues, in their agreed Protective Order and Clawback Agreement. Dkt. 73. Plaintiff and Defendant believe that agreement will govern any privilege issues that arise during the litigation. In sum, as between the SEC and the Estate of Richard Myre, the parties have agreed that the Estate of Richard Myre may produce, wholesale, computers, electronic devices, and images without the need for a prior privilege review, and the SEC has agreed that any privileged materials residing on these devices (including, without limitation, the marital privilege) may be clawed back by the Estate of Richard Myre without a waiver of privilege.

To the extent any issue is not governed by the Protective Order at Dkt. 73, the parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **April 25, 2025**.

(2) Motions seeking to amend the pleadings must be filed and served by **April 25, 2025**.

(3) Non-Dispositive Motions

    a. All non-dispositive motions relating to *fact* discovery must be filed and served by **June 27, 2025**.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **October 10, 2025**.

(4) All dispositive motions must be filed and served by **November 21, 2025**.

## TRIAL

(1) The parties agree that the case will be ready for trial on or after **March 9, 2026**.

The parties propose that the final pretrial conference be held on or before **February 23, 2026**.

(2) The anticipated length of the jury trial is **5** days.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

None.

## SETTLEMENT

(1) The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believes an early settlement conference would be productive.

(2) The parties propose that a settlement conference be scheduled to take place before **August 8, 2025.**

DATE: February 11, 2025     /s/_ *BeLinda I. Mathie*_____

BeLinda I. Mathie
Securities and Exchange Commission
IL Bar No.: 6275461
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 353-7390
Email: MathieB@sec.gov

Dated: February 11, 2025     /s/ *Bryant D. Tchida*_____

Bryant D. Tchida (MN Bar #0314298)
MOSS & BARNETT, P.A.
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402
Ph.: (612) 877-5000

Fax: (612) 877-5999
Email: Bryant.Tchida@lawmoss.com

**ATTORNEYS FOR ANA MYRE, AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF RICHARD MYRE**


DATE: February 11, 2025        /s/ *Benjamin F. Gallagher*
                               Benjamin F. Gallagher (MN Bar #167253)
                               Gallagher Law Firm
                               3252 Rice Street
                               St. Paul, MN  55126
                               (651) 222-4466
                               Email: Ben@GallagherLawUS.com
                               Attorney for Sherry Dahmen