UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF RICHARD MYRE,<br><br>Defendant. | Civil Action No.<br><br>23-CV-01997-JWB-DTS |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
UNOPPOSED MOTION TO EXTEND ASSET FREEZE**

Plaintiff U.S. Securities and Exchange Commission ("SEC"), having brought this civil law enforcement action to preserve assets and to recover funds for the victims of a fraudulent day trading scheme, files this Motion requesting the extension of the Court's previously entered Order granting an asset freeze. Dkt. 13, 29, 40, 44, 50, 53, 69, 89, 106. In support of this Motion, the SEC states as follows:

1.     On June 29, 2023, the SEC filed this action on an emergency basis. The next day, Judge Blackwell entered an Order granting the SEC's motion for an asset freeze and expedited discovery. Dkt. 13 (the "Order"). Among Judge Blackwell's Factual Findings in the June 30, 2023 Order were that the SEC had "made a prima facie showing that the Defendants and Relief Defendants have engaged in acts, practices, and transactions that constitute violations of federal securities laws or potentially hold funds obtained through a fraudulent scheme …" and that "[t]here is good cause to believe that

1

investor funds will be dissipated, concealed or transferred" absent an asset freeze. Dkt. 13 at 3.

2.  Judge Blackwell imposed the Order for an initial term of 60 days, "renewable upon a showing of good cause for the need for continuing or additional relief." Dkt. 13 at 6.

3.  On August 22, 2023, the SEC moved to extend the asset freeze, citing the need for additional time to collect and analyze financial records and other information. Dkt. 27. That motion was unopposed, and this Court granted the SEC's motion on August 24, 2023. The new deadline for the expiration of the Order was December 4, 2023. Dkt. 29.

4.  The SEC has filed several additional unopposed motions seeking extensions of time concerning the Order. Dkt. 41, 48, 51 67, 87, 104. The Court has granted those motions. Dkt. 44, 50, 53, 69, 89, 106. The SEC filed its most recent motion seeking extension of time on July 2, 2025. Dkt. 104. The motion was granted on July 8, 2025. Dkt. 106. The asset freeze is currently set to expire on September 5, 2025.[1] *Id.*

5.  The Court has entered default judgments against Defendant Spartan Trading Company, LLC and Relief Defendant The Estate of Dale Dahmen. Dkt. 80, 101. The Court also granted the SEC's motion to dismiss the Complaint, without prejudice, as to Relief Defendant The Estate of Dominick Dahmen on the basis that the estate lacked a

---

[1] On February 20, 2025, the Court entered a pretrial scheduling order setting June 15, 2025 as the fact discovery completion deadline. Dkt. 84 at 1. Therefore, fact discovery is now closed and expedited discovery is moot.

representative who could be served with process under Minnesota law. Dkt. 66. Accordingly, the only remaining defendant in this litigation is The Estate of Richard Myre (the "Myre Estate").

6.   On June 2, 2025, Magistrate Judge David T. Schultz held a settlement conference. Both the SEC and the Myre Estate were represented by counsel, and the personal representative of the Myre Estate attended as well. During the conference, counsel for the SEC and the Myre Estate reached a proposed settlement, subject to a vote on the proposed settlement by the SEC's Commissioners. Dkt. 102.

7.   However, before the SEC can seek a vote from the SEC's Commissioners on the proposed settlement, the SEC's counsel is required to circulate a written proposal within the SEC for SEC staff review and comment. Although the SEC has begun this process, under the Commission's internal procedures, it will take additional time to seek and obtain the Commissioners' votes on the proposed settlement and file a motion with the Court if the proposed settlement is approved.

8.   In August 2025, the SEC provided the Myre Estate with drafts of a proposed Consent and Final Judgment reflecting the terms of the proposed settlement. The SEC and the Myre Estate are also continuing to discuss setting up an escrow account for the proposed settlement funds. The parties intend to notify the Court once the escrow account is in place. At that time, the SEC will either move to have the asset freeze lifted, or have it lifted in connection with entry of a consent judgment if the Commission has already approved the proposed settlement.

9. Extension of the asset freeze until the proposed settlement funds are placed in escrow and/or until the SEC can complete its internal settlement approval procedures will preserve the status quo while Commission approval of the settlement remains pending.

10. For all the reasons discussed above, the SEC respectfully requests that this Court extend the expiration of the asset freeze to and including October 31, 2025, or until further order of this Court.

11. The SEC conferred with counsel for the Myre Estate concerning this motion. The Myre Estate does not oppose the SEC's requested relief.

WHEREFORE, Plaintiff United States Securities and Exchange Commission respectfully requests that the Court grant this motion; grant the relief requested in the proposed order attached to this motion; and grant such other and further relief as this Court deems just and proper.

Dated: September 4, 2025                    Respectfully submitted,

/s/ *BeLinda I. Mathie*
BeLinda I. Mathie
(mathieb@sec.gov)
Lee Farnsworth
(farnsworthl@sec.gov)
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398
Attorneys for Plaintiff
U.S. Securities and Exchange Commission

Craig Baune
MN Bar No. 331727

Assistant United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55414
Telephone: (612) 664-5600
Email: craig.baune@usdoj.gov
*Local Counsel*